CRAIG A. NEWBY (NV #8591)
LAURA R. JACOBSEN (NV #13699)
McDONALD CARANO LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966
cnewby@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com

*Attorneys for Plaintiff*
*The W.W. Williams Company, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| THE W.W. WILLIAMS COMPANY, LLC, a Delaware limited liability company, | Case No.: 2:17-cv-01410 |
| Plaintiff, | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| v. | |
| JOSEPH REZA, an individual; and TOTAL CARE MAINTENANCE, LLC, a Nevada limited liability company; DOES 1 through 10 | |
| Defendants. | |

Presently before the Court is the matter of *W.W. Williams Company, LLC v. Reza et al.*, Case No. 2:17-cv-01410-JCM-PAL.

Plaintiff The W.W. Williams Company, LLC ("Plaintiff") has filed a Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, the Nevada Uniform Trade Secrets Act (NRS 600.040), and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836) on May 18, 2017. Plaintiff alleges that Defendants Joseph Reza ("Reza") and Total Care Maintenance, LLC ("TCM" and collectively, with Reza, "Defendants") are using Plaintiff's misappropriated trade secret and confidential information to solicit Plaintiff's customers. Plaintiff further alleges that Reza is Plaintiff's former employee and is using Plaintiff's trade secret and confidential

information, soliciting Plaintiff's customers, and competing with Plaintiff in breach of Reza's Proprietary Information Protection Agreement ("Agreement") with Plaintiff. Defendants deny all of Plaintiff's claims. Defendants filed an Opposition on June 5, 2017, and Plaintiff filed a Reply on June 8, 2017. The Court held a hearing on June 12, 2017 at 1:00 p.m. where Plaintiff and Defendants were both represented by counsel.

Having considered the pleadings and papers on file herein, including the parties' supporting declarations, and the arguments of counsel at hearing, the Court finds and concludes as follows:

- Plaintiff is likely to succeed in showing that Defendants misappropriated and used Plaintiff's trade secret and confidential information to solicit Plaintiff's customers, and that Defendants have refused to cease their conduct;
- Plaintiff is likely to succeed in showing that Reza breached the Agreement in failing to return Plaintiff's confidential information and destroy any copies thereof, and by soliciting Plaintiff's customers, and has refused to cease his conduct;
- Plaintiff is likely to succeed in showing that Defendants intentionally interfered with Plaintiff's contractual relationships with its customers and employee;
- The use of Plaintiff's trade secret and confidential information will result in immediate and irreparable injury to Plaintiff in the form of loss of income, loss of goodwill, loss of property interest in the information, and damage to Plaintiff's relationships with its customers;
- Continuing actions in breach of the Agreement will result in immediate and irreparable injury to Plaintiff in the form of loss of income, loss of goodwill, loss of property interest in Plaintiff's confidential information, and damage to Plaintiff's relationships with its customers and employees;
- These injuries are difficult to quantify or reasonably ascertain and monetary damages at law are inadequate;
- The harm to Plaintiff in denying the requested preliminary injunction outweighs the potential harm to the legitimate interests of Defendants from granting such an order;

4838-2993-5178, v. 1

- The public interest is served in granting the requested preliminary injunction; and
- It appears to the Court that Defendants are using Plaintiff's confidential information and soliciting Plaintiff's customers and will continue to carry out such acts unless restrained by Order of the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 9) be, and the same hereby is, **GRANTED** consistent with the following.

**IT IS FURTHER ORDERED** that Defendants, their agents, servants, employees, confederates, attorneys, and any person acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and hereby are, immediately and preliminarily enjoined from:

(1) indirectly or directly soliciting Plaintiff's customers;

(2) indirectly or directly soliciting Plaintiff's employees;

(3) using or disclosing plaintiff's property, confidential information, or any reproduction or copy of the same in any format;

(4) transferring, moving, returning, destroying or otherwise disposing of any of plaintiff's confidential information, property, or any reproduction or copy of the same in any format in their possession;

**IT IS FURTHER ORDERED** that a bond in the amount of $1,000.00, which Plaintiff has already posted, is adequate security for the payment of such costs and damages as may be incurred or suffered by Defendants if they are found to be wrongfully enjoined; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4838-2993-5178, v. 1

**IT IS FURTHER ORDERED** that the injunction imposed hereunder is effective immediately and shall continue until further order of this Court.

DATED September 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

Respectfully Submitted:

McDONALD CARANO LLP

By: /s/ Craig A. Newby
 CRAIG A. NEWBY
 LAURA R. JACOBSEN
 2300 W. Sahara Avenue, #1200
 Las Vegas, Nevada 89102

*Attorneys for Plaintiff*
*The W.W. Williams Company, LLC*

4838-2993-5178, v. 1